# UNITED STATES DISTRICT COURT
for the
## EASTERN DISTRICT OF NORTH CAROLINA

**U.S.A. vs. Perry Brown**                    **Docket No. 4:22-CR-33-1M**

### Petition for Action on Supervised Release

COMES NOW Peter J. Yalango, U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Perry Brown, who, upon an earlier plea of guilty to Count 1, Conspiracy to Distribute Narcotics, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A); and Count 2, Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 371, was sentenced by the Honorable Ellen L. Hollander, United States District Judge for the District of Maryland, on December 11, 2018, to the custody of the Bureau of Prisons for a term of 80 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for a period of 60 months.

Perry Brown was released from custody on January 14, 2022, at which time the term of supervised release commenced.

A Violation Memo was sent to the District of Maryland by U.S. Probation Officer Melissa Lunsmann on June 6, 2022, stating the defendant submitted a urinalysis sample which tested positive for cocaine on May 17, 2022. U.S. Probation Officer Melissa Lunsmann recommended no further action be taken and jurisdiction be transferred to the Eastern District of North Carolina.

Jurisdiction was transferred to the Eastern District of North Carolina on June 8, 2022.

A Petition for Action on Supervised Release was submitted by U.S. Probation Officer Melissa Lunsmann on September 20, 2022, stating the defendant submitted a urinalysis sample which tested positive for cocaine on September 12, 2022. U.S. Probation Officer Lunsmann recommended that the defendant's supervised release be modified to include the following condition: the defendant shall perform 20 hours of community service as directed by the probation office and if referred for placement and monitoring by the State of North Carolina, pay the required fee. Your Honor ordered this modification on September 20, 2022.

A Violation Report was submitted by U.S. Probation Officer Melissa Lunsmann on November 30, 2022, stating the defendant submitted a urinalysis sample which tested positive for cocaine on November 14, 2022. U.S. Probation Officer Melissa Lunsmann recommended no further action be taken as the defendant was referred to Addiction Recovery Care Association for inpatient substance abuse treatment. Your Honor agreed with this recommendation on November 30, 2022.

A Sealed Motion for Revocation on Offender Under Supervised Release was submitted by U.S. Probation Officer Melissa Lunsmann on January 5, 2023, stating the defendant failed to attend substance abuse treatment and failed to attend urinalysis testing. A warrant was issued by Your Honor on January 5, 2023.

A revocation hearing was held before Your Honor on December 15, 2023. The defendant's term of supervised release was revoked and the defendant was sentenced to a 90-day term of imprisonment or until a bed is available at Healing Transitions. It was further ordered that upon release from imprisonment the defendant be placed on a 42-month term of supervised release under the conditions previously imposed and the following special conditions: the defendant shall attend and successfully complete the program at Healing Transitions; and the defendant shall adhere to a curfew to be monitored by technology decided by the U.S. Probation Office until further court order.

Perry Brown
Docket No. 4:22-CR-33-1M
Petition For Action
Page 2

Perry Brown was released from custody on December 21, 2023, at which time the term of supervised release commenced.

Your Honor ordered the special condition requiring a curfew with electronic location monitoring be removed on May 28, 2024.

At sentencing, the defendant was ordered to abide by mandatory, standard, and special conditions of supervised release. Pursuant to Section 5D1.4 of the Federal Sentencing Guidelines, the United States Probation Office has conducted an individualized assessment, taking the following factors into consideration: 18 U.S.C. § 3583(c) and (e)(2). Based on this assessment, it is recommended that the defendant be subject to the mandatory conditions that were imposed at sentencing, and the standard conditions, as referenced in the current standing order, and special conditions, as well as any other conditions previously imposed by means of prior court action during the term of supervision.

**IT IS THE ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING STANDARD CONDITIONS:**

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment, you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about work (such as position or job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

13. You must follow the instructions of the probation officer related to the conditions of supervision.

**IT IS THE FURTHER ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING SPECIAL CONDITIONS:**

1. The defendant shall participate as directed in a program approved by the probation office for the treatment of narcotic addiction, drug dependency, or alcohol dependency which will include urinalysis testing or other drug detection measures and may require residence or participation in a residential treatment facility.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Based on the individualized assessment of this case, it is respectfully recommended that the defendant comply with the above conditions.

The defendant signed a Waiver of Hearing acknowledging and agreeing to the standard and special conditions as outlined above.

**PRAYING THAT THE COURT WILL ORDER** the defendant is continued under supervision and subject to the above listed conditions of supervision. To the extent that any of these conditions vary from those imposed at the time of sentencing, based on the individualized assessment conducted, these conditions replace those originally imposed. In consultation with the probation officer the court has conducted an individualized assessment and except as herein modified, the judgment shall remain in full force and effect.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Peter J. Yalango
Peter J. Yalango
U.S. Probation Officer
310 New Bern Avenue, Room 610
Raleigh, NC 27601-1441
Phone: 910-849-4536
Executed On: April 28, 2026

**Perry Brown**
**Docket No. 4:22-CR-33-1M**
**Petition For Action**
**Page 4**

## ORDER OF THE COURT

Considered and ordered this _____ 29th _____ day of _____ April _____, 2026, and ordered filed and made a part of the records in the above case.

Richard E. Myers II
Chief United States District Judge